Gregory B. Smith USB 6657
ALAPC111 East 5600 South #105
Murray, UT 84107
(801) 651-1512
gs@justiceinutahnow.com
*Attorney for Plaintiff*

Spencer D. Phillips USB 14401
EMPLOYER-LAWYER, PLLC
3450 N. Triumph Blvd., Suite 102
Lehi, UT 84043
spencer@employer-lawyer.com
*Attorney for Defendant*

---

## IN THE UNITED STATES' DISTRICT COURT
## STATE OF UTAH

---

| | |
|---|---|
| ROBIN CHAPPELL<br><br>                    Plaintiff,<br><br>vs.<br><br>COPPER VIEW ANIMAL HOSPITAL<br><br>                    Defendant.<br>----------------------------------------------------------- | **JOINT ACTION/MOTION FOR THE COURT TO APPROVE A PROPOSED FLSA SETTLEMENT** |

Pursuant to the mandate laid out in *Lynn's Food Stores,* the parties seek Court approval on their proposed settlement, which they deem to comply with the law, and which they assert is fair and reasonable.

The law requires that this action be brought.  When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.  *Lynn's Food*

*Stores* F.2d 1350, 1352–53 (11th Cir. 1982).[1]

## THE PROPOSED AGREEMENT IS FAIR AND REASONABLE

In this case, a bona fide dispute exists and the proposed settlement is fair and equitable to all parties concerned.  For example, the proposed settlement does not have any language that offends to the vast, remedial purposes of the FLSA.  In other words, there is no verbiage that says Ms. Chappell is waving all rights to any claim she may have to get properly paid (no global release), nor does it demand confidentiality.  However, Ms. Chappell is not claiming she has any other claims against Defendants, and knows of none.

Further, the FLSA also requires that a settlement agreement include an award of reasonable attorney's fees, and this agreement provides for such. In other words, the Plaintiff will get paid, and the employer will pay her legal fees, so that the legal fees will not come out of what is paid to Plaintiff.

Defendants will 1) pay Robin Chappell $2,340.00 for the disputed, unpaid overtime, which also includes the related liquated damages of an equal amount of the unpaid overtime wages.  This is a very fair amount because of the difficulty of calculating such, and based on that difficult, Defendants have been generous in their estimates of what the unpaid overtime could be.

---

[1] To approve an FLSA settlement, the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned. . . . The Court may enter a stipulated judgment only after scrutinizing the settlement for fairness. See Baker v. D.A.R.A. II, Inc., No. CV–06–2887–PHX–LOA, 2008 WL 4368913, at *2 (D.Ariz. Sept.24, 2008). The FLSA also requires that a settlement agreement include an award of reasonable attorney's fees. See *Lee v. The Timberland Co.*, No. C 07–2367–JF, 2008 WL 2492295, at *2 (N.D.Cal. June 19, 2008).  *Peterson v. Mortg. Sources, Corp., No. CIV.A.* 08-2660-KHV, 2011 WL 3793963, at *4 (D. Kan. Aug. 25, 2011).

Defendants will 2) also pay $3,500.00 in attorney's fees, which is fair and equitable.

Further, as a very significant gesture of good faith, Defendants will 3) also waive the entire $400 (or so) vet bill, which Plaintiff owes to them.  Thus, the total settlement value would be ($2,340 + $3,500) $5,840.00.

If a party seeks to enforce this agreement, the prevailing party shall be awarded attorney fees and costs.[2]

Dated this 30th day of March, 2017.

Respectfully submitted this 30th day of March, 2017.

| | |
|---|---|
| */s/ Gregory B. Smith* | */s/ Spencer D. Phillips* |
| GREGORY B. SMITH | SPENCER D. PHILLIPS |
| GREG SMITH AND ASSOCIATES PC | EMPLOYER-LAWYER, PLLC |
| 111 E. 5600 S. #105 | 3450 N. TRIUMPH BLVD., SUITE 102 |
| MURRAY, UT 84107 | LEHI, UT 84043 |
| *Attorney for Plaintiff* | *Attorney for Defendant* |

---

[2] For the benefit of Defendants, Plaintiff makes it known that she not only has no intent to bring any future cause of actions against them, she knows of no other cause of action she could bring.