IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ROBIN CHAPPELL,<br><br>          Plaintiff,<br><br>v.<br><br>COPPER VIEW ANIMAL HOSPITAL,<br><br>          Defendant. | **MEMORANDUM DECISION AND ORDER REQUESTING SUPPLEMENTAL BRIEFING**<br><br>Case No. 1:17-mc-52<br><br>Judge Clark Waddoups |

The parties have filed a Joint Action/Motion for the Court to Approve a Proposed FLSA Settlement, (Dkt. No. 2). The court reviewed the authorities cited in the Motion and **ORDERS** the parties to file further briefing to assist the court in resolving the Motion.

As an initial matter, the parties have commenced this action without any statement of the court's jurisdiction over a miscellaneous action to approve a private, out-of-court FLSA settlement.

Additionally, according to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), before a court can approve a proposed FLSA settlement, the court must find that the parties assert a bona fide dispute over FLSA provisions and that the proposed settlement is fair and equitable to all parties concerned. *Id.* at 1355. The parties have not included sufficient information or context to permit the court to analyze the fairness of this proposed settlement agreement. For example, the district court in *Peterson v. Mortg. Sources, Corp.*, No. CIV.A. 08-2660-KHV, 2011 WL 3793963, at *2 n.5 (D. Kan. Aug. 25, 2011), refused to approve a proposed FLSA settlement without information about, *inter alia*, "(1) defendant's business; (2) the type of work performed by plaintiffs; (3) the facts underlying plaintiffs' reasons for justifying

1

their claims; (4) defendant's reasons for disputing plaintiffs' claims; (5) the relative strength and weaknesses of plaintiffs' claims; (6) the relative strength and weaknesses of defendant's defenses; (7) whether the parties dispute the computation of wages owed; (8) each party's estimate of the number of hours worked and the applicable wage; or (9) the maximum amount of recovery to which plaintiffs claim they would be entitled if they successfully proved their claims." The court cannot resolve this matter without at least the above information identified in *Peterson*, as well as any other information the parties believe relevant to the fairness of this settlement agreement.

Thus, the parties must file supplemental briefing addressing **(1)** the court's jurisdiction over this action and **(2)** all facts and circumstances relevant to show the parties have a bona fide dispute over FLSA provisions and to allow the court to scrutinize the settlement for fairness. The parties shall submit their supplemental briefing **by May 15, 2017**.

DATED this 14th day of April, 2017.

BY THE COURT:

Clark Waddoups
United States District Judge