IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| ROBIN CHAPPELL,<br><br>Plaintiff,<br><br>v.<br><br>COPPER VIEW ANIMAL HOSPITAL,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING FOR LACK OF JURISDICTION**<br><br>Case No. 1:17-mc-52<br><br>Judge Clark Waddoups |

The parties in this case attempted to commence an action in this court and invoke the jurisdiction of the court by filing a document entitled "Joint Action/Motion for the Court to Approve a Proposed FLSA Settlement." (Dkt. No. 2.) In that document, the parties failed to include any allegations stating a basis for the court to exercise jurisdiction. Further, the parties failed to include any factual basis for asserting a claim, provide authority for the court to approve a settlement under similar circumstances, or provide detail from which the court could assess whether the proposed settlement was reasonable. In substance, the parties simply represented they had concluded the settlement was reasonable, including an award of attorney fees, and requested the court approve the settlement and order that it be enforced.

In response, the court entered an order requesting supplemental briefing. (Dkt. No. 3.) In particular, the court ordered that the parties address "(1) the court's jurisdiction over this action and (2) all facts and circumstances relevant to show the parties have a bona fide dispute over FLSA provisions and to allow the court to scrutinize the settlement for fairness." (*Id.*) In response, the parties jointly cited the court to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 and *Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982). The parties

1

provided the court with some additional facts to support that the defendant is required to comply with the FLSA. No additional detail was provided about the number of hours the employee worked, her hourly wage, or the amount of time spent by counsel pursuing the claim. For the reasons stated below, the court concludes it lacks jurisdiction and cannot grant the relief requested.

"[I]t has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998) (quoting *Tafoya v. U.S. Dep't of Justice*, 748 F.2d 1389, 1390 (10th Cir. 1984)). Though they attempt to do so here, (*see* Dkt. No. 5), the parties may not stipulate to or "confer on a federal court jurisdiction which has not been granted by the Constitution and Congress." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994).

Federal Rule of Civil Procedure 3 states: "A civil action is commenced by filing a complaint with the court." Rule 7(a) provides: "Only these pleadings are allowed: (1) a complaint . . . ." Rule 8 sets forth the requirement to state a claim: "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing the that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Nothing in the Rules of Civil Procedure allows the court's jurisdiction to be invoked except by the filing of a complaint. None of the authorities cited by the parties suggests a contrary result. (*See* Dkt. Nos. 4 & 5.) Section 201 of the FLSA simply states that the Act "may be cited as the 'Fair Labor Standards Act of 1938.'" 29 U.S.C. § 201. While it is not in

dispute that the court has jurisdiction under 28 U.S.C. § 1331 for claims that are properly pled under the FSLA, nothing in the FSLA creates an exception to the requirement that the court's jurisdiction can be invoked only by commencing an action with the filing of a complaint. And the parties cite no other statute that confers jurisdiction over a stipulation to approve a private, out-of-court FLSA settlement without the parties first commencing a traditional civil action.

Similarly, *Lynn's Food* does not create an exception to this requirement. In that case, the Court held that a stipulated settlement of an FLSA claim is allowed only by a "stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, *in a suit brought by the employees under the FLSA*, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." 679 F.2d at 1355 (emphasis added). *Lynn's Food* does not address or allow by inference that the requirement of filing a complaint can be disregarded. The *Lynn's Food* court did, however, make clear that there must be a bona fide dispute over FLSA provisions and that the proposed settlement is a reasonable resolution of that dispute. To reach that conclusion, the court must have before it the relevant alleged facts, including the jurisdictional basis for the claim, the provisions at issue, and the denial or admission of the defendant. These requirements are served by the filing of the complaint and the defendant's response. Nothing in the Rules of Civil Procedure allows the parties to short circuit these requirements, which are consistent with the requirement that the court have sufficient facts and legal analysis before it to determine that the proposed settlement is reasonable.

Indeed, the parties' proposed stipulation in this case demonstrates the soundness of these requirements. The parties have not provided the court with sufficient facts to make the required determination. Even considering the parties' supplemental response, (Dkt. No. 4), the court has no information about how many hours of overtime plaintiff alleges she worked, the dates when

she worked, what her hourly wage was, the maximum recovery plaintiff could receive if she prevailed, which provision of the FLSA are in dispute, if any, or how many hours plaintiff's counsel spent in pursuing the claim.

For the reasons stated, the court DENIES the Joint Motion to Approve the Settlement, (Dkt. No. 2), and DISMISSES the action for lack of jurisdiction.

DATED this 26th day of May, 2017.

BY THE COURT:

_____
Clark Waddoups
United States District Judge